IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY RITTENHOUSE, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br> v. <br><br> TOPCO ASSOCIATES LLC, <br><br> *Defendant*. | Case No.: 2:24-cv-8340 <br><br> (Removed from New York Supreme Court, Suffolk County, Case No. 623215/2024) |

**DEFENDANT'S**
**NOTICE OF REMOVAL OF AN ACTION FROM STATE COURT**

Defendant Topco Associates, LLC files this notice of removal of the above-captioned action to the United States District Court for the Eastern District of New York from the New York Supreme Court, Suffolk County, where the action was previously pending. Topco files this notice of removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, based on diversity of citizenship. By filing this notice, Topco does not waive or relinquish any rights, defenses or objections, and does not acknowledge any liability. To support removal of the action to this Court, Topco states the following:

**I.     NATURE OF THE ACTION**

1.     Plaintiff Gregory Rittenhouse alleges that, at various times between August 2021 and August 2024, he purchased Topco's Apple Cinnamon Rice Cakes product at retail stores in New York. (*See* Complaint, attached hereto as **Exhibit 1**, at ¶ 98.)

2.     According to the plaintiff's complaint, the product's label indicates that it is "naturally flavored," and, as a result of that labeling statement, the plaintiff allegedly "expected that the Product's apple cinnamon taste (1) was only from natural flavors, including natural apple

1

flavor, and/or (2) did not expect its apple cinnamon taste to be provided by artificial flavorings and/or artificial flavoring ingredients." (Ex. 1 at ¶ 99.)

3. Plaintiff further alleges that (a) "the Product's apple cinnamon taste is provided, in significant part, by artificial flavoring ingredients" (Ex. 1 at ¶ 20), (b) the product is "misbranded and misleads consumers" because it uses the synthetic compound of malic acid to provide its apple cinnamon taste (*id.* at ¶ 52) and (c) the plaintiff would not have paid a "premium price" for the product had he known it was artificially flavored (*id.* at ¶ 65).

4. Plaintiff filed a class action complaint against Topco in New York Supreme Court, Suffolk County, on September 17, 2024, asserting that Topco violated New York's General Business Law ("GBL") §§ 349 and 350. The lawsuit was styled: *Gregory Rittenhouse, individually and on behalf of all others similarly situated v. Topco Associates, LLC,* Index No. 623215/2024. Topco has not yet been served with service of process in the state court action.

5. Removal of this action is timely under 28. U.S.C. § 1446(b)(1), which provides that:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant is such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

6. Under New York law, "when service of process is made upon a statutory agent rather than on the defendant personally, the thirty-day period during which the defendant may remove the case does not begin with service upon the agent, but rather, when the defendant receives personal service of the summons and complaint." *Fernandez v. Hale Trailer Brake & Wheel*, 332 F.Supp.2d 621, 624 (S.D.N.Y. 2004) (collecting cases).

7.     It appears that the plaintiff has served the New York Secretary of State as statutory agent for Topco. However, Topco has not received a copy of the complaint and summons, as filed. Because Topco has yet to receive personal service of the summons and complaint, and only recently became aware of the state court action, this notice of removal is timely. (*See* State Court summons and docket collectively attached hereto as **Exhibit 2**.)

## II.     JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

8.     This action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is a cause that may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b) because it is a civil action between citizens of different states. Removal of this action is proper because there is complete diversity of citizenship between all parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9.     As alleged in the complaint, the plaintiff is a resident of the state of New York. (Ex. 1 at ¶ 66.)

10.     Topco is a Delaware limited liability company with its principal place of business in the state of Illinois. Topco's sole member is Topco Holdings, Inc., a Wisconsin corporation with its principal place of business in the state of Illinois. Because the citizenship of Topco's sole member determines its citizenship, Topco is a citizen of Delaware, Illinois and Wisconsin. (*See* Declaration of Andrew J. Broccolo attached hereto as **Exhibit 3**, at ¶ 2.)

11.     There is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a)(1) because the plaintiff is not a citizen of the same state as Topco or its sole member. Complete diversity of citizenship exists between the plaintiff (a citizen of New York) and Topco (a citizen of Delaware, Illinois and Wisconsin).

### III. AMOUNT IN CONTROVERSY

12. The amount in controversy must exceed $75,000, exclusive of interests and costs to confer federal jurisdiction. 28 U.S.C. § 1332(a).

13. "Where no amount is specified, this fact alone does not bar a finding that the jurisdictional amount has been met." *MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F.Supp.2d 380, 390-91 (S.D.N.Y. 2009) (internal citation and quotation marks omitted). Instead, where a plaintiff does not allege an amount of damages, a defendant asserting removal "'may simply allege or assert [that the amount in controversy] has been met.'" *Egleston v. The Valspar Corp.*, No. 15CV4130 DLC, 2015 WL 6508329, at *3 (S.D.N.Y. Oct. 13, 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014)) (modifications in original). Indeed, "[n]o proof is required at this stage….Courts in the Second Circuit [will] generally evaluate jurisdictional facts, such as the amount in controversy, on the basis of the pleadings, viewed at the time when defendant files the notice of removal." *Id.* (internal citation and quotation marks omitted). "'In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.'" *Id.* (quoting *Dart,* 135 S.Ct. at 554).

14. In this case, there is no amount of damages demanded in the complaint. However, it is evident from the face of the complaint that the claimed damages in this proposed class action will far exceed $75,000, given the time period alleged, the breadth of the putative class and the fact that the sole request for relief is monetary damages and not an injunction or any other type of remedy.

15. Plaintiff seeks to represent a class of "[a]ll persons in New York who purchased the Product in New York during the statutes of limitations." (Ex. 1 at ¶ 103.)

16. Plaintiff has requested monetary damages, cost and fees, including attorneys' fees. (Ex. 1 at Prayer for Relief.)

17. Where a complaint fails to allege an amount of damages, but proposes a broad prospective class under GBL § 349's three-year statute of limitations, the jurisdictional amount in controversy threshold is met with reasonable probability. *See Egleston v. The Valspar Corp.*, No. 15CV4130 DLC, 2015 WL 6508329, at *4 (S.D.N.Y. Oct. 13, 2015) (denying motion to remand where the plaintiff sought to represent a prospective class of all persons who purchased the product within a three-year statute of limitations).

18. Given the complete diversity of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs, this Court has jurisdiction over the causes of action and claims asserted in the state court action pursuant to 28 U.S.C. § 1332 and the action is properly removable pursuant to 28 U.S.C. § 1441.

19. Contemporaneously with the filing of this notice of removal, Topco is filing a Notice of Filing of Notice of Removal with the New York Supreme Court, Suffolk County, and has given prompt notice of the filing of this notice of removal to the plaintiff, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Topco hereby gives notice that the above-styled action, which was pending in the New York Supreme Court, Suffolk County, as Index No. 623215/2024, is hereby removed to this Court.

Dated: New York, New York
December 4, 2024

Respectfully submitted,

**BAKER & MCKENZIE LLP**
Attorneys for TOPCO ASSOCIATES LLC

By: /s/*Kirsten Dooley*
Kirsten Dooley
452 Fifth Avenue
New York, New York 10018
United States
Tel: +1 212 626 4100
Fax: +1 212 310 1600
Kirsten.Dooley@bakermckenzie.com

Of Counsel: *Pro Hac Vice Forthcoming*

Baker & McKenzie LLP
Mark C. Goodman
mark.goodman@bakermckenzie.com
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
Tel: +1 415 576 3000
Fax: +1 415 576 3099